CORNELIUS FLINT *et al.*, Respondent's *v.* ORRIS FRANTZ-
MAN, Appellant.

*N. Y. Supreme Court, Third Department, General Term, May* 27, 1889.

*Tenants in common. Conversion.*—A member of a musical organization,
who, being a co-owner with others of a musical instrument, takes
and carries it away without any intention of returning it to the
band association, and, upon demand, does not return it, but makes
evasive representations, is liable to an action of conversion on the
part of his co-tenants.

Action to recover the value of a musical instrument,
alleged to have been wrongfully converted by the defendant
to his own use. The plaintiffs and defendant were the
owners of the instrument as tenants in common.

The action was commenced in justice's court, and judg-
ment rendered in favor of the plaintiffs. From this judg-
ment the defendant appealed to the county court, and the
cause was certified to the supreme court, where the judg-
ment was affirmed, and defendant again appeals.

*George E. Phillips*, for appellant.

*Z. S. Westbrook*, for respondents.

LANDON, J.—Upon the evidence, the justice's court was
authorized to find, and we presume did find, that the de-
fendant, who was one of the members of the musical organi-
zation, and co-owner with the plaintiffs of the musical in-
strument, took and carried away the instrument without
any intention of returning it to the band association. He
did not return it upon proper demand, and made representa-
tions which the court could properly hold to be evasive.
The case was thus presented where one tenant in common
of personal property makes an exclusive appropriation of it

to himself in hostility to the right of his co-tenants to its possession and enjoyment. In such case his co-tenants can maintain an action against him. Osborn *v.* Schenck (83 N. Y. 201), and cases there cited.

Judgment affirmed, with costs.

LEARNED, P. J., and INGALLS, J., concur.